UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

KENNETH GIPSON, *Pro Se*,      )     Case No.: 1: 18 CV 2865

                      )

      Petitioner        )

                      )     JUDGE SOLOMON OLIVER, JR.

      v.              )

                      )

CLIFFORD PICKNEY,      )

                      )

                      )     <u>MEMORANDUM OF OPINION</u>

      Respondent      )     <u>AND ORDER</u>

*Pro se* Petitioner Kenneth Gipson has filed a Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) The only information he has provided in his Petition, however, indicates he has had conflict with and is dissatisfied with his attorney in a pending state criminal case. (*See id.* at ¶ 15.) He has otherwise provided no information in his Petition, and he has asserted no specific grounds for relief.

Pursuant to Rule 4 of the Rules Governing *Habeas Corpus* Cases under § 2254, a federal district court is required to examine a *habeas corpus* petition and determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If so, the district court must summarily dismiss the petition. *See* Rule 4; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).

The Court finds that the instant Petition must be summarily dismissed. *Habeas corpus* relief is available under § 2254 only to "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). The Petition does not indicate Petitioner is in custody pursuant to a judgment

of a State court but rather, indicates he is in the pre-trial phase of a state criminal case. Because he has not demonstrated he is custody pursuant to a State court judgment, § 2254 provides him no avenue for relief.

Further, a petitioner may not seek *habeas corpus* relief under § 2254 until he has exhausted all "remedies available in the courts of the State." 28 U.S.C. § 2254(b); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (*per curiam*). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a *habeas* petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See also Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) ("The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims."). Petitioner has not demonstrated he has fully and fairly given the State courts an opportunity to act on any claims he may be seeking to assert.

Accordingly, Petitioner is granted leave to proceed *in forma pauperis* in this case, but his Petition is dismissed pursuant to Rule 4 of the Rules Governing *Habeas Corpus* Cases. This dismissal is without prejudice to claims Petitioner may later properly assert based on his allegations. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

*/s/ Solomon Oliver, Jr.*
SOLOMON OLIVER, JR.
UNITED STATES DISTRICT COURT JUDGE

Dated: January 10, 2019

2